JgTHOMAS F. DALEY, Judge.
In this civil appeal, the plaintiff/appellant, Antonia Culmone, seeks reversal of the trial court’s ruling granting the defendants’ Motion for Involuntary Dismissal of her defamation claim.
FACTS:
On January 8, 2000 [1] the plaintiff/appel■lant, Antonia Culmone, a former assistant manager for the Family Dollar Store located at 3615 Jefferson Highway, was discharged for “failure to protect company assets,” according to the Family Dollar PAF Form (Personnel Action Form) entered by Christie Sims. The Family Dollar PAF Form also states that Culmone’s employee evaluation was “below average” and that she was.not eligible for rehire. The investigation of the loss of company assets, by Family Dollar’s North Carolina and local loss prevention departments, which found a shortage “of approximately $100,000.00 in inventory at 13the store, did not implicate Culmone, in the theft. In fact, Culmone was the whistleblower for the inventory loss, which allegedly launched the investigation, because she informed the store manager, Teresa Shigg, and the district manager, Christie Sims, in the previous year, that she believed that there were employee thefts, because of the number of empty wrappers, containers, and boxes found during the store’s nightly clean-up.
Family Dollar was represented by Fisk and Company before the Louisiana Department of Labor and Unemployment Security (the Department of Labor). During the course of the Department of Labor’s investigation, information was published in the “Notice of Claim Determination” stating that Culmone had been discharged from her employment for “alleged theft of company property” and “unauthorized removal of company property.” The source of this information was not indicated on the form. The Department of Labor investigation determined that Culmone was not disqualified under LSA-R.S. 23:1601(2),- because the facts, as presented did “not substantiate a charge of misconduct connécted with the employment.” Family Dollar appealed the Department of Labor’s determination before an Administrative Law Judge, who upheld the Department of Labor’s determination. Family Dollar then sought review by the Louisiana Board of Review, who upheld the previous finding in favor of Culmone. Culmone received her unemployment ben- . efits.
On January 4, 2001, Culmone filed suit against Family Dollar Stores of Louisiana, Inc., Family Dollar Stores, Inc., and Christie Sims alleging that they knowingly, willfully, and with malice caused a written document to be published by the Louisiana Department of Labor containing the untrue, slanderous, defamatory, and libel *688 ous statements that she had been caught stealing and discharged for the theft of company property, thereby permanently injuring her reputation and standing in the community. Culmone claims that as a result of the Ulibelous statements, she has suffered damages “in the form of pain, suffering, loss of standing in the community, loss of future earnings, past earnings, loss of any reasonable chance of employment [2], loss of employability and attorney’s fees.” She also claimed that she was entitled to exemplary damages, because the libelous, defamatory, and slanderous statements made by Family Dollar and Sims were knowingly false, malicious, and purposely made to damage her standing and reputation.
On February 9, 2004, the case was tried before Jude Greg Guidry. At the end of the presentation of the plaintiffs case, the defendants moved for an involuntary dismissal, which the trial court granted after finding that there was no evidence that “the [defendants were responsible for the allegedly defamatory statements contained in the paperwork that was admitted at trial.” The plaintiff/appellant seeks review of this ruling.
In her sole Assignment of Error, the plaintiff/appellant argues that the trial court erred in granting the defendants’ Motion for Involuntary Dismissal.
The plaintiff/appellant argues that she presented a prima facie case shifting the burden of proof to the defendant/appellee. Culmone suggests that it is common knowledge that the Department of Labor only accepts information from employers about former employees, therefore, the information in the Notice of Claim Determination had to come from the defendants or their agent, Fisk and Company, since it was not pulled “out of thin air.” Culmone claims that there is no other reasonable or plausible explanation for how these defamatory statements were received by the Department of Labor and thereafter published.
Family Dollar argues that Culmone presented no evidence at trial that either she or the defendants was the source of the statements in the Department of Labor document.
| .DISCUSSION:
The manifest error standard is used by an appellate court in reviewing a trial court’s ruling on a Motion for Involuntary Dismissal. Johnson v. Lee, 00-78 (La.App. 5 Cir. 5/30/00), 760 So.2d 1273, 1277. The appellate court must determine whether the trial judge’s conclusion was reasonable, not whether it was right or wrong. Id.
After the plaintiff has completed the presentation of his evidence in a bench trial, any party, without waiving its right to offer evidence if the motion is denied, may move for a dismissal of the action on the ground that the facts and law show that the plaintiff has no right to relief. LSA-C.C.P. art. 1672. Johnson v. Lee, supra. In order to determine whether an involuntary dismissal is appropriate pursuant to LSA-C.C.P. art 1672(B), the trial court must determine whether the plaintiff has presented sufficient evidence to establish his claim by a preponderance of the evidence.
In this case, the trial judge stated that he believed that the plaintiff had been treated improperly in many respects. The judge went on to state that there was no reason for Culmone to be fired and that *689 Family Dollar was wrong to fire her. The judge noted that Family Dollar had compounded its mistake and treated her disrespectfully when it attempted to block her receipt of unemployment benefits, especially when she was the whistleblower on the thefts and was a good employee who never attempted to take anything or do anything improper at the store. However, the trial court found Culmone presented no evidence that the defendants were responsible for the allegedly defamatory statements contained in the “Notice of Claim Determination” from the Department of Labor.
In order to prove defamation, the plaintiff would have to prove the essential elements: Defamatory words, publication or communication to a third person of |fithe defamatory words, falsity, actual or implied malice, and resultant injury. Huxen v. Villasenor, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, 212.
In this case, Culmone proved the first essential element of defamatory words, because, in Louisiana, the accusation of a crime is considered defamatory per se. Id. Culmone was accused according to the Department of Labor documentation of “alleged theft of company property” and “unauthorized removal of company property.” If, Culmone had proven that Family Dollar made the defamatory statements about her, it would have satisfied the second element of falsity, because both Family Dollar and Christie Sims agreed that an investigation of the shortage at the store never proved that Culmone stole anything. Instead, Culmone was discharged instead for failure to protect company assets. If, Culmone had proven that Family Dollar made the defamatory statements, it would have constituted malice, since Family Dollar knew that its investigation revealed that she did not steal anything from the store. However, the plaintiff/appellant never attributed the defamatory statement to Family Dollar or its agent. Culmone did not meet her burden of establishing her claim by a preponderance of the evidence. Culmone testified on direct that the defamatory information must have come from Family Dollar, but on cross she admitted she had no direct evidence that Family Dollar, its agents, or employees made false statements against her. While, we agree with the plaintiff that the defamatory statements in the documentation she received from the Department of Labor had to come from somewhere, she has not provided proof that those statements were attributable to Family Dollar. Family Dollar claims that the plaintiff/appellant was discharged for failure to protect company assets not theft, and the Family Dollar Personnel PAF Form entered by Christie Sims supports its claim. Therefore, based on the evidence presented at trial, we find that the trial court was not manifestly erroneous in granting Family Dollar’s Motion for Involuntary Dismissal.
|7For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
GOTHARD, J., dissents with reasons.

. Culmone alleged in her petition that she was terminated on January 6, 2000. Family Dollar’s pre-trial memorandum also states that the decision to terminate all employees of the store was made on January 6, 2000.

. According to her February 2, 2004 trial memorandum, Culmone found employment as a ticket taker at a theater.